IN THE UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF GEORGIA
COLUMBUS DIVISION

| | |
|---|---|
| VANESSA MCGLOWN, )( | |
| )( | |
| Plaintiff, )( | |
| )( | CIVIL ACTION |
| v. )( | FILE NO. |
| )( | |
| HARBOR FREIGHT TOOLS )( | |
| USA, INC., )( | |
| )( | |
| Defendant. )( | |

**NOTICE OF REMOVAL OF ACTION**
**UNDER 28 U.S.C. SECTION 1441(b) (DIVERSITY)**

**PLEASE TAKE NOTICE** that Defendant Harbor Freight Tools USA, Inc., ("Harbor Freight"), hereby removes Case No. SC2023CV000438 (the "State Action") from the State Court of Muscogee County, State of Georgia, to the United States District Court for the Middle District of Georgia, pursuant to 28 U.S.C. §§ 1332, 1441, and 1446.  A copy of this Notice of Removal is concurrently filed with the Clerk of the State Court of Muscogee County, State of Georgia, in order to effect removal pursuant to 28 U.S.C. § 1441. The State Court shall proceed no further unless and until this case is remanded.  28 U.S.C. § 1441.

Harbor Freight submits this Notice of Removal pursuant to 28 U.S.C. §§ 1332, 1441, and 1446, and in support shows as follows:

1. On April 17, 2023, Plaintiff filed a Complaint in the State Court of Muscogee County, State of Georgia, captioned <u>Vanessa McGlown v. Harbor Freight Tools USA, Inc.</u>, bearing Civil Action File No. SC2023CV000438.

2. Plaintiff served Harbor Freight with the Complaint on May 2, 2023, and this Notice of Removal is timely filed.

3. In accordance with 28 U.S.C. § 1446, true and complete copies all process, pleadings, and orders filed in such action have been attached to this Notice as Exhibit A.

4. Plaintiff's Complaint alleges that on April 21, 2021, she was an invitee at a store operated by Harbor Freight Tools in Columbus, Georgia. (Complaint, Ex. A, ¶ 4, 11). Plaintiff alleges she was hit and trapped by heavy plastic and wood shelving that collapsed on her at the store. (Complaint, Ex. A, ¶ 5). Plaintiff alleges Harbor Freight was negligent in failing to inspect the shelving and premises, in failing to remove the alleged hazard and failing to keep the premises safe. (Complaint, Ex. A, ¶ 16). Plaintiff asserts claims of premises liability, vicarious liability and negligent training and supervision. (See generally Complaint, Ex. A.)

5. Plaintiff seeks recovery bodily injury, mental anguish, past and future medical expenses and past and future lost wages. (Complaint, Ex. A, ¶ 12 and Wherefore Paragraph, Ex. A, p.5).

6. This action is a civil action that falls under the Court's original jurisdiction pursuant to United States Code, Title 28, section 1332, and is one that may be removed to this Court by Harbor Freight pursuant to the provisions of Title 28, section 1441(b) because citizenship of Plaintiff is diverse from Harbor Freight and the amount in controversy exceeds $75,000.00, exclusive of interests and costs.

7. For jurisdiction to be proper under 28 U.S.C. § 1332, the amount in controversy must exceed $75,000.00, exclusive of interests and costs. 28 U.S.C. § 1332(a). "Where the plaintiff has not pled a specific amount of damages, the removing defendant must prove by a

preponderance of the evidence that the amount in controversy exceeds the jurisdictional requirement." Pretka v. Kolter City Plaza II, Inc., 608 F.3d 744, 754 (11th Cir. 2010). "If the jurisdictional amount is not facially apparent from the complaint, the court should look to the notice of removal and may require evidence relevant to the amount in controversy at the time the case was removed." Id. When determining if the defendant has satisfied its burden to establish jurisdiction by a preponderance of the evidence, if the court cannot determine whether it is facially apparent from the complaint that the jurisdictional amount is in controversy, the court may consider facts alleged in the notice of removal, non-sworn letters submitted to the court, or other summary judgment type evidence that may reveal that the amount in controversy requirement is satisfied (i.e., affidavits, declarations or other documentation). Id. at 754-755 (citing Williams v. Best Buy Co., Inc., 269 F.3d 1316, 1319 (11th Cir. 2001)); Fowler v. Safeco Ins. Co. of Am., 915 F.2d 616,617 (11th Cir. 1990).

8. A defendant is not required to "prove the amount in controversy beyond all doubt or to banish all uncertainty about it." Pretka v. Kolter City Plaza II, Inc., 608 F.4d 744, 754 (11th Cir. 2010). Instead, district courts are permitted to make "reasonable deductions" and "reasonable inferences" and need not "suspend reality or shelve common sense in determining whether the face of the complaint ... establishes the jurisdictional amount." Id. at 770. Courts may use their judicial experience and common sense in determining whether the case stated in a complaint meets federal jurisdictional requirements. Roe v. Michelin N. Am., Inc., 613 F.3d 1058, 1602 (11th Cir. 2010). Courts have held that the amount in controversy requirement may be sufficiently met based on the level of detail of alleged damages in a settlement offer and a pre-suit demand being greater than $75,000.00. Lowery v. Alabama Power Co., 483 F.3d 1184 (11th

Cir. 2007); Patel v. Kroger Co., 2013 WL 12068988, *2 (N.D. Ga. 2013) (Forrester, J.); Ray v. GPR Hospitality, LLC, 2015 U.S. Dist. LEXIS 103615, at *10 (N.D. Ga. 2015) (a $150,000.00 settlement offer was "clearly indicative of Plaintiffs intent to recover damages above the jurisdictional threshold") (Cooper, J).

9. In her Complaint, Plaintiff did not allege a specific amount which she is seeking to recover. Prior to filing suit, Plaintiff made a demand in the amount of $350,000 on March 30, 2023 to settle Plaintiff's claims and attached medical bills totaling $70,236.97. (Settlement Offer[1], attached as Exhibit B). Plaintiff's pre-suit demand is far greater than $75,000.00. Based on the past medical expenses, the stated intent of Plaintiff to recover additional damages including future medical expenses, pain and suffering and lost wages, as well as the pre-suit settlement demand, this Court is entitled to make a reasonable inference that the amount in controversy exceeds the $75,000 threshold.

10. There is also complete diversity in this action. Plaintiff is a resident and citizen of the state of Alabama. (Complaint, Ex. A, ¶ 1).

11. Harbor Freight is a Delaware corporation with its principal place of business in the state of California. (See State of Georgia Annual Registration, attached as Exhibit C). Harbor Freight's citizenship is, therefore, diverse to that of Plaintiff.

12. As is shown above, this case is removable pursuant to United States Code, Title 28, section 1441 because the United States District Court has original jurisdiction under Title 28, section 1332(a), which provides in pertinent part: "[t]he district court shall have original

---

[1] Exhibit A to the Settlement Offer are Plaintiff's medical records. These have been excluded from the exhibit for privacy purposes.

jurisdiction of all civil actions where the matter in controversy exceeds the sum of $75,000, exclusive of interest and costs, and is between – (1) citizens of different states."

13. Written notice of this Notice of Removal will be promptly given to all parties in this action. The written notice of filing and a copy of the Notice of Removal is being filed simultaneously with the Clerk of the State Court of Muscogee County, State of Georgia, a copy of which has been attached as Exhibit D.

14. Venue is proper in this District Court pursuant to 28 U.S.C. § 1441(a) because the action was originally filed in the State Court of Muscogee County, State of Georgia, which lies within the United States District Court for the Middle District of Georgia, Columbus Division. 28 U.S.C. § 90(b)(3).

WHEREFORE, Harbor Freight Tools USA, Inc. requests this Court assume full jurisdiction over the cause herein as provided by law, and that further proceedings in the State Court of Muscogee County, State of Georgia be stayed. Harbor Freight Tools USA, Inc. further demands that the trial of this matter in federal court be heard by a jury.

This 1st day of June, 2023.

                                  SWIFT, CURRIE, McGHEE & HIERS, LLP

                                  */s/ Myrece R. Johnson*
                                  _____
                                  C. Bradford Marsh
                                  Georgia Bar No. 471280
                                  Myrece Johnson
                                  Georgia Bar No. 940301
                                  *Attorneys for Defendant Harbor Freight Tools USA, Inc.*

1420 Peachtree St. N.E., Suite 800
Atlanta, Georgia 30309
(404) 874-8800
brad.marsh@swiftcurrie.com
myrece.johnson@swiftcurrie.com

## CERTIFICATE OF SERVICE

I hereby certify that on this day I caused the attached **NOTICE OF REMOVAL OF ACTION UNDER 28 U.S.C. SECTION 1441(b) (DIVERSITY)** via the Court's electronic filing system and by electronic mail in PDF format as follows:

Mark A. Casto
The Mark Casto Law Firm, PC
233 12th Street, Suite 808
Columbus, GA 31901
mark@thecastolawfirm.com

This 1st day of June, 2023.

SWIFT, CURRIE, McGHEE & HIERS, LLP

*/s/ Myrece R. Johnson*
_____
C. Bradford Marsh
Georgia Bar No. 471280
Myrece Johnson
Georgia Bar No. 940301
*Attorneys for Defendant Harbor Freight Tools USA, Inc.*

1420 Peachtree St. N.E., Suite 800
Atlanta, Georgia 30309
(404) 874-8800
brad.marsh@swiftcurrie.com
myrece.johnson@swiftcurrie.com

4869-8291-6455, v. 1

7